# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BARBARA J. CLARK,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner of the** )<br>**Social Security Administration,** )<br>)<br>    **Defendant.** ) | Case No. CIV-14-1294-L |

## REPORT AND RECOMMENDATION

Plaintiff Barbara J. Clark brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. United States District Judge Tim Leonard has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 11, hereinafter "R. _").[1] The parties have briefed their positions, and the case is now ready for decision. For the

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

reasons set forth below, the undersigned recommends that the Commissioner's decision be reversed and remanded.

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on April 27, 2011, initially alleging a disability onset date of October 27, 2008. R. 138-52, 169-71. Following denial of Plaintiff's applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), at which time Plaintiff amended her alleged onset date to September 30, 2008. R. 31-63, 64-66, 67-69, 74-82, 84-89. The ALJ issued an unfavorable decision on May 22, 2013. R. 16-30. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-5; *see also* 20 C.F.R. §§ 404.981, 416.1481. This action for judicial review followed.

## ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2008, the alleged onset date. R. 18; *see* 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ determined that Plaintiff had the severe impairments of "chronic pain syndrome, headaches, fibromyalgia, obesity, degenerative joint disease, degenerative disc disease, status post remote bilateral knee and ankle injuries, hypertension, and major depressive disorder." R. 19-24; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ determined that Plaintiff's

2

impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24-25; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 26-28; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Plaintiff had the RFC to "lift and carry 10 pounds occasionally and less than 10 pounds frequently" and

> can sit for about 6 hours during an eight-hour workday and stand and walk for at least 2 hours during an eight-hour workday[;] . . . can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl[;] . . . cannot climb ladders, ropes, or scaffolds[;] . . . is able to understand, remember, and carry out simple, routine, and repetitive tasks and . . . to respond appropriately to supervisors, coworkers, the general public, and usual work situations.

R. 26; *see* 20 C.F.R. §§ 404.1567(a) (defining "sedentary work"), 416.967(a) (same). At step four, the ALJ found that Plaintiff was unable to perform past relevant work and that transferability of job skills was not a material issue. R. 28-29; *see* 20 C.F.R. §§ 404.1565, .1568, 416.965, .968.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert ("VE") regarding the degree of erosion to the unskilled sedentary occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as charge-account clerk, call-out operator, and food and beverage order clerk, all of which offer jobs that exist in significant numbers in

3

the national economy. R. 29; *see* R. 57-61; 20 C.F.R. §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 30, 2008, though the date of the decision. R. 30; *see* 20 C.F.R. §§ 404.1520(g), 416.920(g).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff sets forth two allegations of error: (1) "[t]he ALJ failed to properly evaluate [Plaintiff] at steps 4 and 5 of the sequential evaluation process;" and (2) "[t]he ALJ failed to perform a proper credibility determination." Pl.'s Br. (Doc. No. 13) at 2; *see also* Pl.'s Reply (Doc. No. 20) at 1-7. Pertaining to Plaintiff's first contention, the undersigned finds that substantial evidence does not support the ALJ's step-four RFC analysis or step-five determination of available occupations. Because those deficiencies require remand, the undersigned need not address the remaining claim of error raised by Plaintiff. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

A. *RFC Analysis*

Plaintiff first argues that it was error for the ALJ to fail to include limitations in the RFC regarding Plaintiff's ability to interact with others. *See* Pl.'s Br. at 4. The undersigned agrees.

On August 23, 2011, Reda Rasco, PsyD, examined Plaintiff and completed a mental status examination ("MSE") form at the request of the State agency. R. 303-08. State agency consultant Joy Kelley, PhD, then reviewed Dr. Rasco's MSE for the purposes of completing a Psychiatric Review Technique ("PRT") form (Ex. 4F) and a Mental Residual Functional Capacity Assessment ("MRFCA") form (Ex. 5F). *See* R. 320-33, 334-37. In the MRFCA, Dr. Kelley opined in Section I that Plaintiff is "Moderately Limited" in her "ability to interact appropriately with the general public"

and concluded in Section III that Plaintiff "can relate to others on a superficial work basis." R. 335, 336. State agency consulting psychiatrist Janice Smith, PhD, affirmed Dr. Kelley's assessments. R. 354.

The ALJ discussed Dr. Kelley's assessments, as well as the affirming opinion of Dr. Smith, and gave those opinions "significant weight." R. 23-24, 28. The ALJ stated that he "agree[d]" that Plaintiff is "able to respond appropriately to supervisors, coworkers, the general public, and usual work situations," and that this finding is "consistent" with "the mental status examination findings reported by Dr. Rasco." R. 23-24. The ALJ then included in his RFC assessment the determination that Plaintiff is "able to respond appropriately to supervisors, coworkers, the general public, and usual work situations." R. 26.

Thus, despite the ALJ purporting to assign significant weight to Drs. Kelley's and Smith's opinion that Plaintiff has a moderate limitation in her ability to interact appropriately with the general public, and providing no indication that he disagreed with that opinion, the ALJ in his RFC assessment did not address Plaintiff's ability to interact with others beyond stating that she can "respond appropriately." *See* R. 23-24, 26. This is not an insignificant point, as the occupations relied upon by the ALJ at step five—charge-account clerk, call-out operator, and food and beverage order clerk—all require "significant" contact with others, according to their descriptions in the Dictionary of Occupational Titles ("DOT") (4th rev. ed. 1991). *See* DOT § 205.367-014, 1991 WL 671715 (charge-account clerk, requiring significant contact with people); DOT § 237.367-014, 1991 WL 672186 (call-out operator, requiring significant contact with

6

people); DOT § 209.567-014, 1991 WL 671794 (food and beverage order clerk, requiring significant contact with people).

It is unclear whether the ALJ's statement in the RFC that Plaintiff can "respond appropriately" to others fully captures Dr. Kelley's and Smith's opinion that Plaintiff can "relate to others on a superficial work basis." Courts have disagreed, to some extent, on whether that latter opinion implies a limitation (i.e., that the claimant can *only* relate to others on a superficial work basis) or is a positive, nonlimiting description of ability to interact for ordinary work purposes. *Compare Kobylenski v. Colvin*, No. CIV-13-1300-L, 2015 WL 345563, at *1, *7 (W.D. Okla. Jan. 15, 2015) (affirming denial of benefits where ALJ, upon accepting medical opinion that claimant had moderate limitation on interacting with others and ability to relate to supervisors and coworkers on a superficial basis, included in RFC assessment that claimant can have no contact with public but can "respond appropriately" to supervisors and coworkers), *with Randolph v. Colvin*, No. 13-CV-242-JHP-PJC, 2014 WL 4930547, at *2 (N.D. Okla. Oct. 1, 2014) (finding MRFCA that claimant "could relate only on a 'superficial work basis'" indicated that claimant had "less than a full capacity" to respond appropriately in work situations), *and Gonzalez v. Colvin*, No. CIV-13-245-D, 2014 WL 960912, at *5-6 (W.D. Okla. Mar. 12, 2014) (holding RFC assessment that claimant can "respond appropriately to supervisors and coworkers" failed to reflect medical opinion that claimant can "relate to supervisors and peers on a superficial basis"); *see also Lara v. Colvin*, No. CIV-12-1249-L, 2014 WL 37746, at *3-4 (W.D. Okla. Jan. 6, 2014) (assuming ALJ erred by not including in RFC a limitation to relating to supervisors and peers on a superficial basis despite psychologist

7

opinion of such limitation, but concluding the error harmless because occupation relied upon at step five did not require relating to supervisors and peers on more than a superficial basis).

The more fundamental inconsistency here, however, is between the ALJ's purported acceptance of a moderate limitation on interaction with the general public (by giving significant weight to the opinion finding that limitation) and the lack of any relevant limitation in the RFC assessment. *See* R. 23-24, 26, 335. As noted, Dr. Kelley opined in Section I of the MRFCA that Plaintiff is moderately limited in her ability to interact with the general public. R. 335. In Section III of the MRFCA—the concluding narrative—Dr. Kelley stated relevant to such interaction that Plaintiff "can relate to others on a superficial work basis." R. 336. If the Section III opinion regarding superficial interaction is viewed as a limitation, the ALJ erred by not including in the RFC an appropriate degree of limitation on Plaintiff's ability to interact with others (or explaining his rejection of such a limitation). *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (holding that an ALJ must discuss "significantly probative evidence" that he or she rejects). If the Section III opinion regarding superficial interaction is viewed as merely a nonlimiting statement of ability, the ALJ erred by not addressing—and including in the RFC or explaining its omission— the Section I opinion that Plaintiff is moderately restricted in her ability to interact with people. *See* SSR 96-8p, 1996 WL 374184, at *7; *Lee v. Colvin*, No. 15-6027, 2015 WL

7003410, at *3 (10th Cir. Nov. 12, 2015) (stating that while it is Section III of an MRFCA that requires primary attention, an ALJ may not "turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III"); *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007) (reversing when ALJ accepted some moderate limitations in plaintiff's MRFCA but rejected others without discussion); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (holding that an ALJ may not accept some moderate limitations contained in an uncontradicted medical opinion but reject others without explaining his or her reasoning); *Clifton*, 79 F.3d at 1009-10. In other words, regardless of whether the RFC adequately accounted for the opinion on superficial interaction, the assessment therein that Plaintiff can respond appropriately to others does not by itself capture the moderate limitation on interacting with others found by the consulting psychologists.[2] Thus, that opinion was required to be addressed.

Defendant suggests that the ALJ properly rejected the opinion of a moderate limitation on interacting with others, arguing that the ALJ reasonably found that Plaintiff could respond appropriately to supervisors, coworkers, and the general public because he "noted Dr. Kelley's opinion in his decision," and considered the results of Dr. Rasco's examination together with Plaintiff's own testimony. Def.'s Br. (Doc. No. 17) at 13-14.

---

[2] In this way the instant case is unlike *Kobylenski*, where a finding that the claimant had a moderate limitation on interacting with others and the ability to relate to supervisors and coworkers on a superficial basis resulted in an RFC assessment that stated that Plaintiff can "respond appropriately" to supervisors and coworkers but also limited the claimant to *no* contact with the public. *See Kobylenski*, 2015 WL 345563, at *4, *7.

9

However, the ALJ did more than "note" Dr. Kelley's opinion: he gave that opinion and the opinion of Dr. Smith "significant weight," stated that he agreed with their opinions generally, and at no point expressly stated that he disagreed with the specific findings of Drs. Kelley and Smith that Plaintiff was moderately limited in her ability to interact with people. *See* R. 23-24, 28. The ALJ did state in his decision that Dr. Rasco's "mental status examination findings" are "consistent . . . with the capacity . . . to understand, remember, and carry out simple, routine, and repetitive tasks and . . . to respond appropriately to supervisors, coworkers, the general public, and usual work situations." R. 24. As was appropriate to his determination that he disagreed with Drs. Kelley and Smith regarding whether Plaintiff can perform complex tasks, the ALJ discussed Dr. Rasco's findings pertinent to the ability to perform work-related tasks. R. 24. But as to Plaintiff's ability to interact with others, the most reasonable reading of the ALJ's decision is that he believed he was agreeing with Drs. Kelley and Smith. R. 23-24. The cited statement cannot be accepted as an adequately-supported rejection of Drs. Kelley's and Smith's medical opinions that Plaintiff is moderately limited in her ability to interact with people.

Because, as discussed above, the occupations relied on by the ALJ at step five all require "significant" contact with others, medical opinion evidence indicating that Plaintiff could not meet those requirements is material to the disability determination. The ALJ did not include in the RFC any limitation reflecting the consulting psychologists' opinions that Plaintiff is moderately limited in her ability to interact with the general public; nor did the ALJ state, or adequately explain, that he disagreed with

those opinions. Accordingly, the RFC assessment is not supported by substantial evidence and the matter should be remanded for further consideration of that limitation and its effect on Plaintiff's ability to work. *See* SSR 96-8p, 1996 WL 374184, at *7; *Clifton*, 79 F.3d at 1009-10.

### B. Conflict with DOT

Plaintiff further claims that the ALJ erred at step five by relying upon jobs that Plaintiff is unable to perform to conclude that Plaintiff retains the ability to work. *See* Pl.'s Br. at 4-5. Plaintiff specifically argues that because her RFC is limited to the performance of simple, repetitive tasks, she is unable to perform the jobs cited by the ALJ, all of which require a reasoning level of three as they are defined in the DOT. *See* Pl.'s Br. at 4-5. Again, the undersigned agrees.

The DOT is published by the Department of Labor and is one of several governmental and other publications from which the Commissioner takes "administrative notice of reliable job information." 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). Occupation descriptions in the DOT include a General Education Development ("GED") Scale composed of three components: (1) reasoning development; (2) mathematical development; and (3) language development. *See* DOT app. C, Components of the Definition Trailer, 1991 WL 688702. The reasoning development component ranges from level one to level six. *Id.*

In the portion of his written decision discussing the PRT completed by Dr. Kelley, the ALJ specifically noted that "out of an abundance of caution," he "d[id] not agree" that Plaintiff could perform "some complex tasks." R. 24; *see* R. 336. Instead, when making

11

the RFC determination, the ALJ found that Plaintiff was limited to "simple, routine, and repetitive tasks." R. 26.

However, each of the occupations relied on by the VE, and in turn by the ALJ, as examples of work that Plaintiff can perform is described in the DOT as requiring level-three reasoning. *See* DOT § 205.367-014, 1991 WL 671715 (charge-account clerk, requiring level-three reasoning); DOT § 237.367-014, 1991 WL 672186 (call-out operator, requiring level-three reasoning); DOT § 209.567-014, 1991 WL 671794 (food and beverage order clerk, requiring level-three reasoning). Level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT app. C, Components of the Definition Trailer, 1991 WL 688702. The Tenth Circuit has stated that a level-three reasoning requirement "seems inconsistent" with an RFC limited to simple and routine tasks. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *see also Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007) (finding that an RFC limiting a claimant to simple, repetitive, and routine tasks appeared inconsistent with jobs requiring a reasoning level of three and remanding the case to allow the ALJ to address the apparent conflict); *Garcia v. Barnhart*, 188 F. App'x 760, 767 (10th Cir. 2006) (identifying a conflict between level-three reasoning and a limitation to routine, repetitive, and simple tasks); *see, e.g.*, *Ward v. Colvin*, No. CIV-14-1141-M, 2015 WL 9438272, at *3-4 (W.D. Okla. Sept. 17, 2015) (R. & R.), *adopted*, 2015 WL 9451073 (W.D. Okla. Dec. 23, 2015); *Burks v. Astrue*, No. CIV-07-360-D, 2008 WL 1805521, at

*5 (W.D. Okla. Apr. 18, 2008); *cf. Tabor v. Colvin*, No. CIV-14-281-RAW-SPS, 2015 WL 5724857, at *3 (E.D. Okla. Sept. 29, 2015) (identifying a conflict between level-two reasoning and a limitation to simple and routine tasks).

Defendant does not attempt to distinguish *Hackett* and its progeny, but instead relies on more recent unpublished decisions of the Tenth Circuit and a district court decision to argue that the GED levels in DOT occupation listings, which include the reasoning levels relevant here, merely "describe the educational background that makes an individual suitable for the job." *See* Def.'s Br. at 14 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013); *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012); *Pacheco v. Colvin*, No. 2:13-cv-197-DN, 2014 WL 869294, at *7-8 (D. Utah Mar. 5, 2014)). Defendant argues that, because Plaintiff had at least a high school education, "she had the reasoning . . . abilit[y] sufficient for even semi-skilled or skilled work" and, therefore, "the ALJ's findings were consistent with the *DOT*'s description of the charge account clerk, call out operator, and food and beverage order clerk occupations." Def.'s Br. at 14. Defendant further argues that the occupations cited by the VE and relied upon by the ALJ have a specific vocational preparation ("SVP") level of two, which "corresponds with unskilled work," and, accordingly, "the ALJ's findings were consistent with the *DOT*." Def.'s Br. at 14-15.

In both *Anderson* and *Pacheco*, any error resulting from a conflict between the VE's testimony and the DOT was found to be harmless due to the fact that the VE also identified occupations that required reasoning levels lower than three. *See Anderson*, 514 F. App'x at 764 (noting that if "there was a conflict between the VE's testimony and the

DOT, the ALJ's failure to resolve the alleged conflict was harmless error" because the VE identified at least two occupations with a reasoning level of one); *Pacheco*, 2014 WL 869294, at *8 ("In any event, two of the unskilled jobs relied on by the ALJ had GED reasoning levels of 2." (citation omitted)). And in *Mounts*, there was no conflict between an RFC precluding complex tasks and reliance on occupations requiring level-three reasoning because the ALJ specifically clarified that his finding related to complex tasks only precluded work at a GED reasoning level of four or higher. *See Mounts*, 479 F. App'x at 868.

The undersigned declines to conclude, as urged by the Commissioner, that GED reasoning levels "can be disregarded when addressing the mental demands of jobs listed in the DOT." *Ward,* 2015 WL 9438272, at *3 (analyzing and rejecting similar arguments by the Commissioner). Instead, the undersigned recognizes a "facial conflict" between the level-three reasoning required by all of the jobs identified by the VE (and relied upon at step five by the ALJ) and the RFC's determination that Plaintiff is able to understand, remember, and carry out only simple, routine, and repetitive tasks. *See Garcia*, 188 F. App'x at 767; R. 26.

In *Haddock v. Apfel*, the Tenth Circuit held that an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock*, 196 F.3d at 1091. Thereafter, the Commissioner published Social Security Ruling ("SSR") 00-4p, in which the Commissioner established a policy interpretation for the use of VE evidence. *See* SSR

14

00-4p, 2000 WL 1898704 (Dec. 4, 2000). Under this Ruling, an ALJ has two affirmative responsibilities. First, the ALJ must "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT." *Id.* at *4. If the VE's "evidence appears to conflict with the DOT," then the ALJ must "obtain a reasonable explanation for the apparent conflict." *Id*.

At the hearing on Plaintiff's applications, the ALJ asked the VE to consider an individual who is able to "understand, remember and carry out simple, routine, and repetitive tasks." R. 58. The VE testified that the three occupations set forth above offer jobs in the national economy that an individual with such limitations could perform. R. 58-59. The VE testified that there was no conflict between his assessment and the occupation descriptions in the DOT, R. 59-60, thus indicating that he had not considered "the reasoning levels of the jobs identified or that [he] was departing from the DOT based on [his] knowledge, training, or other experience." *Ward*, 2015 WL 9438272, at *4; *see also* SSR 00-4p, 2000 WL 1898704, at *2-3. Because the conflicts between Plaintiff's reasoning ability as reflected in the RFC and the reasoning requirements in the DOT descriptions were not reconciled, the ALJ erred in relying on the VE's testimony to determine that Plaintiff was not disabled. *See Haddock*, 196 F.3d at 1091; *see also Krueger*, 337 F. App'x at 760-62 (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett*, 395 F.3d at 1175 (applying *Haddock* to nonexertional limitations). Therefore, the ALJ's step-five finding is not supported by substantial evidence and this matter should be remanded for further consideration.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be reversed and remanded.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 10, 2016. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 26th day of February, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE