IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

BARBARA J. CLARK, )
)
        Plaintiff, )
)
v. ) Case No. CIV-14-1294-L
)
CAROLYN W. COLVIN, )
Acting Commissioner of the )
Social Security Administration, )
)
        Defendant. )

## **O R D E R**

        On February 26, 2016, Magistrate Judge Charles B. Goodwin entered a Report and Recommendation in this action brought by plaintiff Barbara J. Clark pursuant to 42 U.S.C. §405(g) for judicial review of the defendant Acting Commissioner of the Social Security Administration's (Commissioner's) final decision denying plaintiff's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded for further consideration.

        The court file reflects that the Commissioner filed her Objections to the Report and Recommendation and the plaintiff filed a Reply Brief, all of which the court has carefully considered.  Upon review, the court finds that the

Commissioner's objections are insufficient to justify overturning the conclusions of the Magistrate Judge in this matter.

The court rejects the Commissioner's argument that the ALJ reasonably accounted for Dr. Kelley's opinion. Upon review, the court concurs with the Magistrate Judge that, "despite the ALJ purporting to assign significant weight to Drs. Kelly's and Smith's opinion that Plaintiff has a moderate limitation in her ability to interact appropriately with the general public, and providing no indication that he disagreed with that opinion, the ALJ in his RFC assessment did not address Plaintiff's ability to interact with others beyond stating that she can 'respond appropriately.'" Report and Recommendation, Doc. No. 21, p. 6. This is "not an insignificant point" in the words of the Magistrate, since all the occupations relied upon by the ALJ at step five, *i.e.*, charge-account clerk, call-out operator, and food and beverage order clerk, all required "significant" contact with others. Id. Because the ALJ "did not include in the RFC any limitation reflecting the consulting psychologists' opinions that Plaintiff is moderately limited in her ability to interact with the general public; nor did the ALJ state, or adequately explain, that he disagreed with those opinions[,]" the court finds that the Magistrate Judge was correct in ruling that the RFC assessment is not supported by substantial evidence, requiring remand for further consideration of that limitation.

The court also rejects the Commissioner's argument that the ALJ reasonably accounted for plaintiff's educational background. Considering authorities raised again by the Commissioner in her current objection, the Magistrate Judge properly recognized a "'facial conflict' between the level-three reasoning required by all of the jobs identified by the VE (and relied upon at step five by the ALJ) and the RFC's determination that Plaintiff is able to understand, remember, and carry out only simple, routine, and repetitive tasks." <u>Id.</u>, p. 14 (citation omitted). Therefore, the court finds that the Magistrate Judge was also correct in ruling that the ALJ's step-five finding was not supported by substantial evidence and requires a remand for further consideration.

Accordingly, the decision of the Commissioner is **REVERSED** and this matter is **REMANDED for further administrative proceedings,** all in accordance with the February 26, 2016 Report and Recommendation in this matter.

It is so ordered this 23rd day of March, 2016.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge